UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVON MOSES,<br><br>        Plaintiff,<br><br>    v.<br><br>BITER, et al.,<br><br>        Defendants. | Case No.: 1:18-cv-00995-SKO (PC)<br><br>ORDER TO SHOW CASE WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER<br><br>(Docs. 12, 13)<br><br>21-DAY DEADLINE |

Plaintiff Kevon Moses is a prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 20, 2019, the Court issued an order finding that Plaintiff failed to state any cognizable claims in his first amended complaint, and granting leave for Plaintiff to file a second amended complaint within 21 days. (Doc. 13.) Although more than 21 days have passed, Plaintiff has failed to file an amended complaint or to otherwise respond to the Court's screening order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court. Local Rule 110.

"District courts have inherent power to control their dockets," and, in exercising that power, they may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause **within 21 days** of the date of service of this order why this action should not be dismissed for failure to state a claim and to comply with the Court's second screening order. Alternatively, within that same time, Plaintiff may file a second amended complaint or a notice of voluntary dismissal.

IT IS SO ORDERED.

Dated: **October 7, 2019**       /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE