UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVON MOSES,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BITER, et al.,<br><br>　　　　　Defendants. | Case No.: 1:18-cv-00995-SKO (PC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION<br><br>14-DAY DEADLINE<br><br>Clerk of Court to Assign District Judge |

**FINDINGS**

On August 20, 2019, the Court issued an order finding that Plaintiff Kevin Moses failed to state a cognizable claim and granting leave to file an amended complaint. (Doc. 13.) Plaintiff failed to file an amended complaint or to otherwise respond to the Court's screening order. Thus, on October 7, 2019, the Court issued an order to show cause ("OSC"), within 21 days, why this action should not be dismissed for Plaintiff's failure state a claim and to comply with the Court's order. (Doc. 14.) Although more a month has passed, Plaintiff has failed to respond to the OSC.

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth.*,

*City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

It appears that Plaintiff has abandoned this action. Whether Plaintiff has done so mistakenly or intentionally is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

**RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that this action be dismissed for failure to comply with the Court's order and for failure to state a claim on which relief may be granted. The Clerk of the Court is **directed** to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 14, 2019**     /s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE